# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA MYRTLE BEACH DIVISION

------------------------------X

Case No.:

Amira Ware, Cheryl Vaughn
Jameerah Ware, Jane Doe
                    Plaintiffs,

v.

A AND K PROPERTIES OF SC, INC.,
**SHERIFF: PHILLIP E. THOMPSON**

FEB 24 '25 PM3:30
RCV'D - USDC FLO SC

                    Defendant.

------------------------------X

COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, FAIR HOUSING ACT, AND DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT INTRODUCTION

1.  This is an action for declaratory and injunctive relief, as well as damages, arising from the Defendant's violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq., and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this District.

**PARTIES**

4. Plaintiff Amira Ware, a/k/a Jane Doe is an adult individual residing in Myrtle Beach, South Carolina. She suffers from cerebral palsy and scoliosis, which substantially limit her major life activities. See Attachments – Exhibit A and Exhibit B.

5. Plaintiffs Jameerah Ware and Cheryl Vaughn are the sister and mother of Amira Ware, respectively, and serve as her guardians and caretakers.

6. Defendant A AND K PROPERTIES OF SC, INC., owns the property located at 514 Battey Drive, Myrtle Beach, South Carolina, whose business location 2507 Forestbrook Rd Unit K, Myrtle Beach, SC 29588, and

7. Sheriff Phillip E. Thompson, is the local law enforcement agent for the Myrtle Beach Horry County jurisdiction with a business address located 1301 Second Avenue Conway, SC 29526.

8. Amira Ware resides with her caretakers Cheryl Vaughn, her mother, and Jameerah Ware her sister in a home leased from the Defendants A And K Properties Of SC Inc.

9. On December 18 2024, the Defendant initiated eviction proceedings against the entity called Waretrust for non-payment of rent.

10. The eviction proceedings were conducted in the South Carolina Magistrate Court, Horry County which issued a Writ of Ejectment on January 6, 2025.

11. Due to her disabilities, Amira Ware requires constant care and supervision, which is provided by her mother and sister. Amira was never served with the eviction notice or made a party to the proceedings.

12. Neither Jameerah Ware nor Cheryl Vaughn are attorneys, and neither was capable of representing Amira Ware's legal interests in the eviction proceedings and are presently trying their best to resolve this issue.

13. The failure to properly serve Amira Ware as an "occupant" or provide her with representation deprived her of her due process rights under the Fourteenth

Amendment.

14. The Defendant failed to provide reasonable accommodations for **Amira Ware's** disabilities, in violation of the ADA and FHA.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

## ONE HUNDRED THOUSAND DOLLARS

15. Plaintiff realleges and incorporates by reference the preceding paragraphs.

16. Defendant's failure to provide reasonable accommodations for **Amira Ware's** disabilities constitutes discrimination under Title III of the ADA, 42 U.S.C. § 12182.

17. As a result of Defendant's actions, **Amira Ware** has suffered and continues to suffer harm.

## COUNT II: VIOLATION OF THE FAIR HOUSING ACT (FHA)

## ONE HUNDRED AND FIFTY THOUSAND DOLLARS

18. Plaintiff realleges and incorporates by reference the preceding paragraphs.

19. Defendant's actions constitute discrimination on the basis of disability in violation of the FHA, 42 U.S.C. § 3604.

20. As a result of Defendant's actions, **Amira Ware** has suffered and continues to suffer harm.

## COUNT III: VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

## TWENTY-FIVE THOUSAND DOLLARS

21. Plaintiff realleges and incorporates by reference the preceding paragraphs.

22. Defendant's failure to serve Amira Ware in the eviction proceedings deprived her of her property interest in her home without due process of law, in violation of the Fourteenth Amendment.

23. As a result of Defendant's actions, **Amira Ware**, Jameerah Ware and Cheryl Vaughn have suffered and continues to suffer harm and will be in serious peril unless the Landlord offers reasonable accommodations, acquiesces to a settlement and vacates the underlying authority bestowed upon Defendant Sheriff Phillip E. Thompson.

I. SERVICE OF PROCESS ON A TRUST MUST COMPLY WITH STATE AND FEDERAL RULES

Service of process is a fundamental requirement for a court to obtain jurisdiction over a party. Proper service ensures that the party has notice of the proceedings and an opportunity to be heard. Both South Carolina law and the Federal Rules of Civil Procedure (FRCP) govern service of process on a Trust.

1. Legal Standard:
    o Under FRCP 4, service of process must be made in accordance with state law when serving a non-corporate entity like a Trust. FRCP 4(e)(1).

- o South Carolina law requires that service on a Trust be made on the Trustee, as the Trust is not a legal entity capable of being sued in its own name. S.C. Code Ann. § 62-7-101 et seq.

2. Application to This Case:

- o The landlord served the Trust by name only, without serving the Trustee, Jameerah Ware.

- o A Trust is not a legal entity capable of being sued or served independently; service must be made on the Trustee in their capacity as the legal representative of the Trust.

3. Case Law Support:

- o *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950): The Supreme Court held that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." Serving the Trust by name alone does not meet this standard.

- o *In re Estate of Timmerman*, 331 S.C. 455, 502 S.E.2d 920 (1998): The South Carolina Supreme Court held that a Trust is not a legal entity and must be represented by its Trustee in legal proceedings.

## II. DEFECTIVE SERVICE DEPRIVES THE COURT OF JURISDICTION

Proper service is a prerequisite for a court to exercise jurisdiction over a party. Defective service renders any judgment or order void as to the improperly served party.

1. Legal Standard:

   o Under FRCP 12(b)(5), a party may challenge the sufficiency of service of process. If service is defective, the court lacks jurisdiction over the party.

   o South Carolina law requires strict compliance with service rules. Failure to serve the Trustee in their representative capacity is a fatal defect.

2. Application to This Case:

   o The landlord failed to serve the Trustee, **Jameerah Ware, in her** capacity as Trustee of the Trust.

   o The Magistrate Court lacked jurisdiction over the Trust due to defective service, **rendering the judgment void as to the Trust.**

3. Case Law Support:

   o *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987): The Supreme Court held that proper service is necessary to establish jurisdiction.

   o *Hanson v. Denckla*, 357 U.S. 235 (1958): The Court emphasized that service must be made on the proper party to confer jurisdiction.

- o *First Union Nat'l Bank v. Soden*, 333 S.C. 554, 511 S.E.2d 372 (1998): The South Carolina Supreme Court held that defective service renders a judgment void.

## III. THE WRIT OF EJECTMENT IS VOID AS TO THE TRUST

Because the Trust was not properly served, the Magistrate Court lacked jurisdiction over the Trust, and the Writ of Ejectment is void as to the Trust.

1. Legal Standard:

   - o A judgment rendered without proper service is void and unenforceable. *Pennoyer v. Neff*, 95 U.S. 714 (1877).

   - o South Carolina law requires that any judgment based on defective service be set aside. S.C. R. Civ. P. 60(b)(4).

2. Application to This Case:

   - o The landlord's failure to serve the Trustee in **her** representative capacity means the Trust was never properly brought before the court.

   - o The Writ of Ejectment is void as to the Trust and cannot be enforced against the property held in the Trust.

3. Case Law Support:

   - o *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982): The Supreme Court held that jurisdiction cannot be established without proper service.

      o   *State ex rel. Vincent v. Schneider*, 194 S.C. 1, 8 S.E.2d 871 (1940): The South Carolina Supreme Court held that a judgment rendered without jurisdiction is void.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff **Amira Ware** respectfully requests that this Court:

1. Declare that Defendant's actions violate the ADA, FHA, and Due Process Clause of the Fourteenth Amendment because of the defective nature of their service upon plaintiffs;

2. Issue a preliminary and permanent injunction prohibiting Defendant from evicting Amira Ware from her home;

3. Award compensatory and punitive damages;

4. Award attorneys' fees and costs; and

5. Grant such other relief as the Court deems just and proper.

**Dated:** February 24, 2025

Respectfully submitted,

_____

By: Jameerah Ware, Plaintiff



EXHIBIT A



SOCIAL SECURITY
1316 3RD AVE
CONWAY SC 29526

**Social Security Administration**
**Supplemental Security Income**
Notice of Change in Payment

Date: November 27, 2016
Claim Number: 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 DI



# 000020002  I=000000   1120 4 COL

19992 1 AT 0.396

592 16S1478H34657
AMIRA MARTAYAH WARE
303 17TH AVE SOUTH
MYRTLE BEACH SC 29577-4603

We plan to increase your monthly Supplemental Security Income (SSI) payment
from $733.00 to $735.00 beginning January 2017.  The amount will change
because we increase SSI payments in January when the cost of living increased
during the past year.  You will continue to get the new amount each month
unless there is a change in the information we use to figure your payment.

The rest of this letter explains more about your SSI payments.  It also tells
you how to find affordable health care.

We explain how we figured the monthly payment amount on the worksheet at
the end of this letter.  The explanation shows how your income, other than any
SSI payments, affects your SSI payment.  We include explanations only for
months where payment amounts change.

**When You Will Receive Your Payments**

Your representative payee will receive your monthly payment of $735.00
around January 1, 2017, and on the first of each month after that.

**If You Work Or Want To Return To Work**

We have a program called Ticket to Work that helps people receiving
disability benefits go to work.  The Ticket to Work program is voluntary and
won't cost you anything.  If you participate in the program, employment
networks or your State vocational rehabilitation agency can help you find,
prepare for, and keep a job.  You can find a list of service providers, benefits
and work incentives counselors, and get your questions answered by
contacting the Ticket helpline at 1-866-968-7842 (TTY 1-866-833-2967).  You also
can visit www.choosework.net and select "Find Help."

**See Next Page**

SSA-L8151

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
MYRTLE BEACH DIVISION

_____X

Case No.:

Amira Ware, Cheryl Vaughn
Jameerah Ware,

                    Plaintiffs,

v.

A AND K PROPERTIES OF SC, INC.,
SHERIFF: PHILLIP E. THOMPSON

                    Defendant.

_____X

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S COMPLAINT INTRODUCTION

This memorandum supports Plaintiff's Complaint for violations of the **Americans with Disabilities Act (ADA)**, the **Fair Housing Act (FHA)**, and the **Due Process Clause of the Fourteenth Amendment**. The Defendant's actions—failing to provide reasonable accommodations for a person with disabilities, improperly serving her and all plaintiffs in an eviction proceeding, and depriving her of representation—constitute clear violations of federal law and constitutional protections. This memorandum will demonstrate that the Defendant's conduct violates binding precedent and statutory law, entitling **Amira Ware** to declaratory, injunctive, and monetary relief.

## ARGUMENT

### I. THE DEFENDANT VIOLATED THE AMERICANS WITH DISABILITIES ACT (ADA) BY FAILING TO PROVIDE REASONABLE ACCOMMODATIONS

The ADA, 42 U.S.C. § 12101 et seq., prohibits discrimination against individuals with disabilities in places of public accommodation, including housing. Under Title III of the ADA, landlords must provide **reasonable accommodations** to tenants with disabilities to ensure equal access to housing.

1. **Legal Standard:**

   o The ADA defines a disability as a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1).

   o A reasonable accommodation is a modification or adjustment to policies, practices, or procedures that enable a person with a disability to enjoy equal access. 28 C.F.R. § 36.302.

2. **Application to Amira Ware:**

   o Amira Ware suffers from cerebral palsy and scoliosis, which substantially limit her mobility and daily activities.

   o The Defendant failed to provide reasonable accommodations, such as allowing additional time to pay rent or modifying payment terms, to account for Amira Ware's disability-related financial constraints.

3. **Case Law Support:**

   o *Tennessee v. Lane*, 541 U.S. 509 (2004): The Supreme Court upheld the ADA's applicability to state courts, emphasizing the need for reasonable accommodations to ensure access to justice.

    o  *PGA Tour, Inc. v. Martin*, 532 U.S. 661 (2001): The Court held that reasonable accommodations are required under the ADA to ensure equal access for individuals with disabilities.

The Defendant's failure to accommodate Amira Ware's disabilities constitutes a violation of the ADA, entitling her to relief.

## II. THE DEFENDANT VIOLATED THE FAIR HOUSING ACT (FHA) BY DISCRIMINATING AGAINST AMIRA WARE BASED ON HER DISABILITY

The FHA, 42 U.S.C. § 3601 et seq., prohibits discrimination in housing on the basis of disability. This includes failing to make reasonable accommodations for tenants with disabilities.

1. **Legal Standard**:

    o  The FHA requires landlords to make reasonable accommodations in rules, policies, or services when necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B).

2. **Application Plaintiff's**:

    o  The Defendant's refusal to accommodate Amira Ware's disability-related needs, such as allowing additional time to pay rent, constitutes discrimination under the FHA.

- o The eviction proceedings disproportionately impacted Plaintiffs due to
  Amira Ware's disability, as she was unable to defend herself or
  participate in the process and more so because the service of process was
  defective upon all plaintiffs.

3. **Case Law Support:**

   - o *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213 (11th Cir. 2016): The court
     held that landlords must provide reasonable accommodations to tenants
     with disabilities under the FHA.
   - o *Schwarz v. City of Treasure Island*, 544 F.3d 1201 (11th Cir. 2008): The
     court emphasized that the FHA requires accommodations to ensure
     equal access to housing.

The Defendant's actions violate the FHA, and Plaintiff's are entitled to relief.

**III. THE DEFENDANT VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT**

The Fourteenth Amendment guarantees that no person shall be deprived of life, liberty, or property without due process of law. The Defendant's failure to serve Amira Ware or provide her with representation in the eviction proceedings deprived her of her property interest in their home without due process.

1. **Legal Standard**:

   o Due process requires notice and an opportunity to be heard before a person is deprived of a property interest. *Goldberg v. Kelly*, 397 U.S. 254 (1970).

   o Proper service of process is a prerequisite for a court to exercise jurisdiction over a party. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

2. **Application to Amira Ware, Jameerah Ware and Cheryl Vaughn**

   o Amira Ware, Jameerah Ware nor Cheryl Vaughn were never served with the eviction notice because only the "Trust" was a named party nor were any plaintiff's made a party to the proceedings.

   o Jameerah Ware and Cheryl Vaughn, who are not attorneys, were incapable of representing her legal interests.

   o The Magistrate Court lacked jurisdiction over Plaintiff's due to improper service, rendering the Writ of Ejectment invalid and more specifically to Amira Ware because of her disability.

3. **Case Law Support**:

   o *Goldberg v. Kelly*, 397 U.S. 254 (1970): The Supreme Court held that individuals must be given notice and an opportunity to be heard before

being deprived of government benefits. This principle applies equally to

eviction proceedings.

○ *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950): The

Court held that notice must be "reasonably calculated, under all the

circumstances, to apprise interested parties of the pendency of the

action."

The Defendant's failure to serve Amira Ware or provide her with representation

violated her due process rights, entitling her to relief.

## Legal Argument

### 1. Americans with Disabilities Act (ADA) and Fair Housing Act (FHA) Claims

The Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA) are federal

laws that protect individuals with disabilities from discrimination. Under the ADA,

Title III prohibits discrimination in places of public accommodation, while the FHA

prohibits discrimination in housing. The disabled client in this case may have claims

under both statutes if the landlord or the court failed to accommodate her disability or

if the eviction process disproportionately impacted her due to her disability.

- **ADA Claim**: The ADA requires reasonable accommodations for individuals with

  disabilities. If the landlord failed to provide reasonable accommodations (e.g.,

  allowing additional time to pay rent due to the client's disability-related

  financial constraints), this could constitute a violation of the ADA.

- **FHA Claim**: The FHA prohibits discrimination in housing based on disability. If the eviction process was initiated or carried out in a way that disproportionately affected the disabled client (e.g., failing to serve her properly or failing to consider her disability in the proceedings), this could violate the FHA.

## 2. Due Process Violations

The disabled client was never properly served or represented in the eviction proceedings. The other Plaintiffs were never properly served as well. This raises significant due process concerns under the **Fourteenth Amendment**. Due process requires that individuals be given notice and an opportunity to be heard before being deprived of their property. The failure to serve the disabled client or provide her with representation (given her incapacity to defend herself) could constitute a violation of her constitutional rights.

- **Key Case Law**: *Goldberg v. Kelly*, 397 U.S. 254 (1970), established that individuals must be given notice and an opportunity to be heard before being deprived of government benefits. While this case dealt with welfare benefits, its principles apply to eviction proceedings, which also involve fundamental property rights.

### 3. Improper Service and Lack of Representation

The disabled client was never served with the eviction notice, and her mother and sister, who are not attorneys, cannot legally represent her interests. This raises issues under **Federal Rule of Civil Procedure 4**, which governs the service of process. Proper service is a prerequisite for a court to exercise jurisdiction over a party. If the disabled client was not served, the court lacked jurisdiction over her, and the Writ of Ejectment is invalid as to her.

- **Key Case Law**: *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), held that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." The failure to serve the disabled client violates this standard.

### 4. Stare Decisis and Precedent

The principle of **stare decisis** requires courts to follow precedents set by higher courts. The cases cited above (*Goldberg* and *Mullane*) are binding precedent that support the argument that the disabled client's due process rights were violated. Additionally, cases interpreting the ADA and FHA, such as *Tennessee v. Lane*, 541 U.S. 509 (2004), which upheld the ADA's applicability to state courts, further support the argument that the disabled client's rights were violated.

CONCLUSION

The cases cited above (*Goldberg*, *Mullane*, and *Tennessee v. Lane*) provides a strong foundation for the argument that **Amira Ware's rights were violated.** *Goldberg* establishes the principle that individuals must be given notice and an opportunity to be heard before being deprived of property, which directly applies to the failure to serve Amira Ware. *Mullane* reinforces this by requiring that notice be reasonably calculated to inform interested parties, which was not done here.

Finally, *Tennessee v. Lane* supports the applicability of the ADA to state court proceedings, including evictions, and underscores the need for reasonable accommodations for individuals with disabilities.

For the reasons stated above, the Defendant's actions violate the ADA, FHA, and Due Process Clause of the Fourteenth Amendment. Plaintiffs  respectfully request that this Court grant the relief sought in their Complaint, including declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees and costs.

Dated: February 24, 2025

_____

By: Jameerah Ware

514 BAttey Dr.

Myrtle, Beach SC 29588

## JURAT ACKNOWLEDGMENT

On this date 24th of February, 2025, **Jameerah Ware**, named above, personally appeared before me and acknowledged to me that she executed the Federal Complaint, in her stated capacity. The signatures on this instrument were signed as a free and voluntary act and deed for the uses and purposes mentioned therein.

Near Horry County

Near South Carolina Indian Country

By: *Empress Ayah Ellis*

**Empress Ayah Ellis**
Ayah Ellis, Tribal Notary —————



My Commission Expires: 12/31/2030

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was served by

Electronic Mail pursuant to O.C.G.A. § 9-11-5 and /or by U.S. Certified Mail with a

Certificate of Mailing to any other parties in accordance with the service list below:

**SHERIFF**
Mr. Phillip E. Thompson
Horry County Sheriff's Office
**DOING BUSINESS AT:**
1301 Second Avenue
Conway, SC 29526


**LANDLORD**
Lacy Hayes, Finance Manager
A AND K PROPERTIES OF SC INC.
**DOING BUSINESS AT:**
2507 Forestbrook Rd Unit K
Myrtle Beach, SC 29588


**JUDGE OF MAGISTRATE COURT**
Manuela A. Clayton, Magistrate Judge
Magistrate's Court, County of Horry, South Carolina
**DOING BUSINESS AT:**
9630 Scipio Lane
Myrtle Beach, SC 29588


**CLERK OF MAGISTRATE COURT**
Ms. Renee N. Elvis, County Clerk
Office of the Clerk
Magistrate's Court, County of Horry, South Carolina
**DOING BUSINESS AT:**
9630 Scipio Lane
Myrtle Beach, SC 29588

| Item No. | Description – 1 Copy set being sent to each Party listed above; Original to Clerk of Court | No. of Pages |
|---|---|---|
| 1 | COMPLAINT | 8 |
| 2 | AFFIDAVIT IN SUPPORT | 10 |
| 3 | AFFIDAVIT OF SERVICE w/Exhibit | 2 |
| 4 | ATTACHMENTS – EXHIBIT A AND EXHIBIT B | 2 |
| TOTAL NUMBER OF PAGES | | 22 |

WITNESS our hands and official seal.

By: *Empress Ayah Ellis*

**Empress Ayah Ellis**



Ayah Ellis, Tribal Notary —————

My Commission Expires: 12/31/2030