IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jameerah Ware, Amira Ware, and Cheryl Vaughn,<br><br>Plaintiffs,<br><br>vs.<br><br>A and K Properties of SC, Inc. and Sheriff Phillip E. Thompson,<br><br>Defendants. | Case No.: 4:25-cv-1085-JD-KDW<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 50), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns Defendant Sheriff Phillip E. Thompson's ("Sheriff Thompson") Motion to Dismiss (DE 25) and recommends that the Motion be granted.[1] (DE 50.)

**A.    Background**

The Court incorporates the factual and procedural background set forth in the Report and Recommendation (DE 50). A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiffs Jameerah Ware, Amira Ware, and Cheryl Vaughn (collectively, "Plaintiffs"), proceeding pro se, filed this action against their landlord, Defendant A and K Properties of SC, Inc. ("A&K"), and Defendant Sheriff Phillip E. Thompson ("Sheriff Thompson"), seeking declaratory and injunctive relief as well as monetary damages for alleged violations of Title II of the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA"), and the Due Process Clause of the Fourteenth Amendment. (DE 1.)

The claims arise from state-court eviction proceedings initiated by A&K concerning the residence leased by Plaintiffs. Plaintiffs allege, among other things, that the eviction process failed to accommodate Plaintiff Amira Ware's disabilities and that she was deprived of due process in connection with the issuance and execution of a writ of ejectment.

On May 27, 2025, Sheriff Thompson filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the Complaint fails to state a plausible claim for relief against him under the ADA, the FHA, or the Fourteenth Amendment. (DE 25.) Because Plaintiffs are proceeding pro se, the Magistrate Judge issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiffs of the motion to dismiss procedure and the potential consequences of failing to respond adequately. (DE 27.) Plaintiffs filed a response in opposition (DE 31), and Sheriff Thompson filed a reply (DE 37).

**B.     Report and Recommendation**

On January 23, 2026, the Magistrate Judge issued a Report and Recommendation recommending that Defendant Sheriff Thompson's Motion to Dismiss (DE 25) be granted and that all claims against him be dismissed. (DE 50.)

With respect to Plaintiffs' ADA claim, the Magistrate Judge first concluded that Sheriff Thompson, as a South Carolina sheriff, is an arm of the State for purposes of Eleventh Amendment immunity. The Report determined that Title II of the ADA abrogates sovereign immunity only to the extent the alleged conduct also violates the Fourteenth Amendment. Because Plaintiffs failed to allege facts sufficient to state a viable equal protection or due process violation attributable to Sheriff Thompson, the Magistrate Judge concluded that Eleventh Amendment immunity bars the ADA claim. The Report further determined that, even apart from immunity, the Complaint fails to allege facts plausibly showing that Sheriff Thompson excluded Plaintiff Amira Ware from a public service, program, or activity, or otherwise discriminated against her on the basis of disability.

As to the FHA claim, the Magistrate Judge concluded that Plaintiffs failed to respond to Sheriff Thompson's arguments for dismissal and therefore conceded that claim, warranting dismissal.

Regarding Plaintiffs' due process allegations, the Magistrate Judge found that the Complaint does not allege facts plausibly demonstrating that Sheriff Thompson deprived Plaintiff Amira Ware of a protected property interest through constitutionally inadequate procedures. The Report observed that Plaintiffs did not

allege that Sheriff Thompson participated in the underlying eviction proceedings and that service of a writ of ejectment pursuant to state law does not, without more, establish a due process violation. The Magistrate Judge further determined that Plaintiffs' attempt to attribute alleged defects in the landlord's service of process to Sheriff Thompson failed to state a claim.

Finally, to the extent Plaintiffs' response to the motion could be construed as attempting to assert a negligence claim, the Magistrate Judge concluded that such a claim was not pleaded in the Complaint and could not be raised for the first time in opposition to the motion. The Report additionally noted that Sheriff Thompson is entitled to Eleventh Amendment immunity from claims for monetary damages in his official capacity.

Accordingly, the Report recommends that Sheriff Thompson be dismissed from this action.

C.  **Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315

(4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.     Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.     Conclusion**

Accordingly, after a careful and thorough review of the Report and the record in this case, the Court finds no clear error and adopts the Report (DE 50) in its entirety and incorporates it by reference.

It is, therefore, ORDERED that Defendant Sheriff Phillip E. Thompson's Motion to Dismiss (DE 25) is GRANTED. All claims against Sheriff Thompson are DISMISSED with prejudice, and he is terminated as a defendant in this action.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 27, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.