IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jameerah Ware, Amira Ware, and Cheryl Vaughn, | ) ) ) ) | Case No.: 4:25-cv-1085-JD-KDW |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| A and K Properties of SC, Inc. and Sheriff Phillip E. Thompson, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Kaymani D. West, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 70.) The Report recommends dismissing the remaining action with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.[1] The time for filing objections has expired, and no objections have been filed.

**A.    Background**

Plaintiffs Jameerah Ware, Amira Ware, and Cheryl Vaughn, proceeding *pro se*, brought this action against their landlord, Defendant A and K Properties of SC LLC, which the Report identifies as A and K Properties of SC, Inc. ("A&K"), and

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Sheriff Phillip E. Thompson. Plaintiffs seek declaratory and injunctive relief and monetary damages for alleged violations of Title II of the Americans with Disabilities Act, the Fair Housing Act, and the Due Process Clause of the Fourteenth Amendment. (DE 1.)

On February 27, 2026, the Court adopted an earlier Report and Recommendation, granted Sheriff Thompson's Motion to Dismiss, dismissed all claims against him with prejudice, and terminated him as a defendant. (DE 57.) A&K is, therefore, the only remaining defendant.

On January 29, 2026, A&K filed a Motion to Dismiss. (DE 52.) Because Plaintiffs are proceeding without counsel, the Magistrate Judge entered an order under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiffs of the motion-to-dismiss procedure, the importance of filing an adequate response, and the possible consequences of failing to respond. (DE 53.) Plaintiffs did not respond by the March 2, 2026, deadline. The copies of the *Roseboro* order mailed to all three Plaintiffs at their addresses of record were returned as undeliverable. (DE 62; DE 63; DE 64.)

The Magistrate Judge later entered another order directing Plaintiffs to advise the Court whether they wished to continue the action and to respond to A&K's motion by April 6, 2026. (DE 60.) That order warned that failure to respond would result in a recommendation that the action be dismissed with prejudice for failure to prosecute. Plaintiffs again did not respond. The copies mailed to Jameerah Ware and Cheryl Vaughn were returned as undeliverable on April 6, 2026, and the copy mailed to Amira Ware was returned as undeliverable on May 8, 2026. (DE 68; DE 69; DE 73.)

2

On April 14, 2026, the Magistrate Judge issued the Report recommending dismissal with prejudice under Rule 41(b). (DE 70.) The Report was mailed to each Plaintiff at the address of record, but all three copies were returned as undeliverable. (DE 75; DE 76; DE 77.) No objections were filed. Plaintiffs' last filing in this action was their June 30, 2025, response to Sheriff Thompson's motion to dismiss. (DE 31.)

**B.     Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

3

**C.    Discussion**

The record establishes that Plaintiffs failed to respond to A&K's Motion to Dismiss, failed to comply with the later order requiring a response and a statement of their intent to proceed, failed to maintain current addresses with the Clerk, and have taken no action in this case since June 2025. The Court agrees with the Report that dismissal for failure to prosecute is warranted. For the reasons below, however, the Court modifies the recommended disposition and dismisses the remaining claims without prejudice.[2]

Rule 41(b) permits involuntary dismissal when a plaintiff fails to prosecute or comply with a court order. In deciding whether dismissal is warranted, the Court considers: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). These considerations are not a rigid test; the propriety of dismissal depends on the circumstances of the particular case. *Id.*; *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

First, Plaintiffs bear personal responsibility for the failure to prosecute. They are proceeding *pro se* and are responsible for complying with the Court's orders and keeping the Clerk informed of any address change. The Court's March 20, 2025,

---

[2]    The copies of the Report mailed to Plaintiffs were returned as undeliverable. The Court, therefore, does not treat Plaintiffs' failure to object as a waiver of further review and has independently reviewed the Report, the record, and the propriety of dismissal under Rule 41(b).

service order expressly directed Plaintiffs to notify the Clerk in writing of any change of address. (DE 18.) Plaintiffs did not do so, and the Court has no valid address through which it can communicate with them.

Second, Plaintiffs' inaction has prejudiced A&K by preventing resolution of its pending dispositive motion and prolonging litigation in which it has continued to bear the burdens of defending the action. The record does not reflect lost evidence or comparable concrete prejudice, so this factor weighs only somewhat in favor of dismissal.

Third, the record reflects a continuing pattern of delay rather than a single missed deadline. Plaintiffs have made no filing since June 30, 2025, did not respond to A&K's motion, did not comply with the later order requiring them to advise whether they intended to continue the case, and did not provide updated addresses after the Court's mail began to be returned. This sustained inaction supports the conclusion that Plaintiffs have abandoned the remaining claims.

Fourth, lesser sanctions are unlikely to be effective. Monetary sanctions are unlikely to prompt compliance in this *pro se* action, and another order or extension is unlikely to be effective because the Court lacks a valid address for any Plaintiff. These circumstances make dismissal necessary to manage the docket and bring the case to a conclusion.

The Court nevertheless concludes that dismissal without prejudice is the appropriate sanction. Although Plaintiffs were obligated to maintain current addresses and are responsible for the resulting breakdown in communication, the

5

docket affirmatively shows that the *Roseboro* order, the order expressly warning of dismissal with prejudice, and the Report itself were returned as undeliverable. Thus, the record does not establish that Plaintiffs actually received the specific warning that ordinarily weighs heavily in favor of the most severe Rule 41(b) sanction. *See Ballard*, 882 F.2d at 95-96. Dismissal without prejudice adequately addresses Plaintiffs' abandonment of the action while accounting for the absence of actual notice of the proposed with-prejudice disposition.

## D.    Conclusion

Accordingly, the Court ADOPTS the Report's recommendation that this action be dismissed for failure to prosecute but MODIFIES the recommended disposition. The remaining claims against A and K Properties of SC LLC, are DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b). A&K's Motion to Dismiss (DE 52) is DENIED AS MOOT. The Clerk is directed to enter judgment and close the case.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 31, 2026

6

## NOTICE OF RIGHT TO APPEAL

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).